UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LONNIE J. WALKER,
a/k/a NAIYM SHAHAAB TALIB,
DC# 080322,

    Plaintiff,

v.                              Case No. 5:18-cv-241-MCR/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se*, initiated this action on February 21, 2018, by filing a civil rights complaint in the United States District Court for the Middle District of Florida. (Doc. 1). The Middle District transferred the case to this District Court on October 17, 2018. (Doc. 6). On October 17, 2018, this court mailed Plaintiff a notice of his new Northern District case number. (Doc. 7). The Notice was returned as undeliverable on January 4, 2019, with the notation that Plaintiff was in Shands Hospital and could not receive mail. (Doc. 10).

After allowing a period for Plaintiff's release from the hospital, the court issued an order on January 31, 2019, directing Plaintiff to pay the $400.00 filing fee

or file a complete application to proceed *in forma pauperis*. (Doc. 11). The order was mailed to Plaintiff at his address of record (Reception and Medical Center), but was returned as undeliverable on February 19, 2019, marked "Return to Sender – Refused – Unable to Forward," followed by the notation "Unable to sign." (Doc. 12).

After allowing additional time for Plaintiff's recovery, the court issued an order on March 22, 2019, directing the clerk of the court to re-mail to Plaintiff his copies of the January 31, 2019, order and the October 17, 2018, notice. (Doc. 13). The order further directed that Plaintiff comply with the January 31, 2019, order, or file a notice of voluntary dismissal, by April 17, 2019. (*Id.*). The court received no response.

On May 1, 2019, the court noted Plaintiff's death on the record, and ordered that a motion for substitution of the proper party be filed within 90 days. (Doc. 14). *See also* Florida Department of Corrections, Corrections Offender Network, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=080322&TypeSearch=IR.[1] The order was mailed to Plaintiff, but was returned as undeliverable with no forwarding address. No motion for substitution has been filed.

---

[1] The Department of Corrections published Plaintiff's death on its website on April 26, 2019.

Rule 25 of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Over 90 days have passed since the order noting Plaintiff's death, and no motion for substitution has been filed.

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** under Rule 25(a)(1) of the Federal Rules of Civil Procedure.

2. The clerk be directed to close this case file.

At Panama City, Florida, this 12th day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**